# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   CR-18-260-049-SLP |
| | ) | |
| CHRISTINE MATHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821

In this case, the United States asks this Court to deny the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Doc. 2913) because the defendant, Christine Mathews, is ineligible. Specifically, even after the application of Amendment 821, the defendant's guideline range remains unchanged.

## Facts

On April 23, 2019, the defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Docs. 1087–89. On April 28, 2020, the United States Probation Office released its revised PSR. Doc. 1770. The PSR recommended a base offense level of 36, plus a two-level enhancement because the defendant possessed firearms during the offense, for an adjusted offense level of 38. *Id*. ¶¶ 30–31.

After a three-level reduction for acceptance of responsibility, the total offense level was 35. *Id.* ¶¶ 37–39.

Based upon the defendant's criminal history, her criminal history score was twelve. *Id.* ¶ 53. Because the defendant committed the offense while under a criminal justice sentence, two points were added (status points), for a total criminal history score of fourteen. *Id.* ¶¶ 54–55. A criminal history score of fourteen established a criminal history category of VI. *Id.* ¶ 55. Combining the defendant's total offense level of 35 and criminal history category of VI, the PSR recommended a guideline range 292 to 365 months' imprisonment. *Id.* ¶ 92. Neither the United States nor the defendant objected to the PSR. *Id.* at 32.

On July 29, 2020, this Court adopted the PSR without change. Doc. 1981 at 1. This Court then varied downward and sentenced the defendant to 192 months' imprisonment. Docs. 1978, 1980 at 2.

On January 29, 2024, the defendant filed a Motion for Reduction in Sentence 18 U.S.C. § 3582(c)(2) Policy Statement § 1B1.10 Reduction in Term of Imprisonment (Motion). Doc. 2913.

## Discussion

### A. The law.

Federal courts generally lack authority to modify a defendant's sentence except where Congress expressly authorizes it. *See Dillon v. United*

*States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  But Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]"  18 U.S.C. § 3582(c)(2).

The Supreme Court explained that § 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Congress has given the Commission the authority to determine "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Exercising that authority, the Commission has limited the district court's ability to reduce a sentence under § 3582(c)(2) to not "less than the minimum of the amended guideline range," except where the defendant previously received a lower sentence based upon the government's motion to reflect the

defendant's substantial assistance to authorities.  USSG § 1B1.10(b)(2)(A)–

(B).  *See Dillon*, 560 U.S. at 827.

**B.    Application of the law.**

Amendment 821 (Part A) reduces the number of status points assigned

to defendants to one if the defendant has seven or more criminal history

points and reduces the number of status points to zero if the defendant has

fewer than seven criminal history points.  *See* USSG Supp. App. C, Amend.

821 (Part A).  Because the defendant had twelve criminal history points prior

to the application of any status points, Amendment 821 reduces her status

points to one, for a total criminal history score of thirteen instead of fourteen.

With a total criminal history score of thirteen, the defendant remains a

criminal history category of VI, with the same guideline range.  Because her

reduction in status points does not result in a different sentencing range, she

is ineligible for a sentence reduction.  *See* USSG § 1B1.10(a)(2)(B); *see also*

*United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009).

## Conclusion

For these reasons, the defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ JESSICA L. CÁRDENAS
Jessica L. Cárdenas
Bar Number: 82766 (Ohio)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
jessica.cardenas@usdoj.gov

## Certificate of Service

     This is to certify that on February 20, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and served the attached document by first-class mail on the following, who is not a registered participant of the ECF System:

     Christine Mathews
     #32491-064
     FCI Danbury
     Route 37
     Danbury, CT 06811

     s/ Jessica L. Cárdenas
     Assistant U.S. Attorney